MEMORANDUM OF DECISION
SHORTALL, J.
This case presents a petition for the termination of the parental rights of Martha D. and Terrence J. The parents have each been served and have appeared by court appointed counsel. The respondent mother failed to appear for the final hearing, but has had actual notice of the assignment. Her attorney was present and resisted the termination of her rights. His motion for a continuance of the proceeding was denied. No action is pending in any other court affecting the custody of this child. Reasonable efforts to reunite the family have been made as will be later described.
The court, having read the verified petition the social studies, a psychological evaluation and other exhibits, and having heard the testimony of two social workers makes the following findings with respect to the statutory grounds for termination of parental rights. The court finds by clear and convincing evidence that the child has been found in a prior proceeding to have been neglected on October 18, 1995 (Sequino, J.). The mother has failed to achieve such a degree of personal rehabilitation as would encourage the believe that within a reasonable time considering the age and needs of the child that she could assume a responsible position in the life of this child.
The mother has not regularly visited her child. Some of the missed visits may have been attributable to either her serious life threatening illness or to treatment for that illness. It is not known which is true since she did not come to court. A clinic representative has said that the respondent mother is not doing well and is not taking care of herself by taking her medications. It is clear that the mother does love the child and that the child has some affection for her natural parents. But the parents have presented a confusing and anxiety producing situation for Tiffany.
The psychological evaluation indicates that Tiffany is CT Page 5575 presented with a confusing picture of two biological parents who seem to love her dearly when they are available to her, but also seem to confuse her by abandoning her for long periods of time. (See visitation exhibits) It is no mystery that Tiffany seems to be confused by re-unions and separations with her biological parents, according to the report of Dr. Gilliam (Exhibit # 3). Tiffany feels significant distress and anxiety about her biological parents' inconsistent presence in her life. Neither parent has been able to provide continuity for Tiffany. Both parents are impaired by the use of illegal substances and have been separated from their daughter by incarceration. Neither parent is able to remain substance free for any appreciable length of time. Both have demonstrated a high degree of recividism. They are either unwilling or are unable to seek and cooperate with treatment, even with the highest level of outpatient care available and comprehensive and intensive in the home mental health support. They have shown no ability to achieve improvement in functioning.
Tiffany's relationship to her foster parents who are the maternal uncle and aunt by all accounts, is a positive experience for the child. They share a close relationship with Tiffany and provide a consistently high level of care and are extremely sensitive to her feelings. Tiffany has benefited immensely from placement in the relative's home.
The respondent/father of Tiffany signed a consent for termination of his parental rights on the morning of the trial. The consent was found to have been voluntarily and knowingly entered, with the advice and consent of competent counsel. The court accepted the consent.
The court finds that the grounds for termination of parental rights have existed for more than one year.
The court makes the following factual findings as are required by § 17 a-112:
1. Appropriate and timely services were provided by the Department of Children and Families, both prior to the removal of the child and subsequent to the removal of the child. Those services included:
visiting nurse association, family support services, home recovery program, the Mother's Project, Amethyst House, New Haven CT Page 5576 Family Counseling, Gaylord Hospital, Rushford center, Advanced Behavioral Health, Multicultural Ambulatory Addiction Services, APT Foundation, Natha Hale Clinic and Central Treatment Unit (See p. 9 of petitioner's exhibit No. 1).
2. The court finds by clear and convincing evidence that the Department of Children and Families made reasonable efforts to re-unified the parents and child given the situation and circumstances as far as possible. The parents were in and out of jail and were regularly impaired by drugs since the child went into custody in 1995
3. The department set oral expectations, through the social worker, with mother. She was told that she was to avoid drugs and illegal substances, to go to inpatient substance abuse treatment and to maintain a safe and stable home. She was unable to comply with these simple requirements.
4. The child has strong emotional ties with the relative foster family that has provided the physical emotional and educational support that this child needs. The child has a conflicted relationship with her biological parents.
5. The child is almost six years of age. She has been in foster care for three years. This child needs a stable and continuous placement with out the anxiety attendant with her presently uncertain placement.
6. Finding regarding the efforts of the parents to adjust their circumstances conduct or conditions to the needs of the child. The parents have not been able to make realistic and sustained efforts to conform their conduct to even minimally acceptable parental standards. Giving them additional time would not likely bring their performance as parents within acceptable standards sufficient to make it in the child's best interest to be reunited with them.
7. Findings regarding the prevention of a parent from having a meaningful relationship with the child. While the parents means were limited, economic factors did not present an obstacle to regular and continuing contact with the child. As far as it is known the child and the parents were able to visit at the DCF office and later at the mother's family home. The department attempted to encourage contact by establishing regular visitation. No unreasonable conduct is noted. CT Page 5577
Order
The court finds that the grounds for termination of parental rights have extended for a period of time which is greater than one-year. The respondent/father has consented to the termination of his rights. The court finds based upon the testimony and evidence presented that it would be in the child's best interest to terminate the parental rights of Martha D. and Terrence J. at this time. This finding is made after considering the child's sense of time, her need for a secure and permanent environment, the relationship that the child has with her foster parents and the totality of circumstances that termination of the parental rights is in the child's best interest.
Based upon the foregoing findings, the court concludes that it is in the child's best interest to terminate the parental rights of Martha and Terrence and it is accordingly, ordered that they are hereby terminated. The Commissioner of the Department of Children and Families is hereby appointed the statutory parent. A permanency plan shall be submitted within ninety days. A review plan for terminated child shall be filed in accordance with federal law.
SHORTALL, J.